```
                 IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII
ELIZA MAHEALANI NAHINU,         )    CIVIL NO. 23-00148 SOM/WRP
                                )
          Plaintiffs,           )    ORDER DISMISSING COMPLAINT;
                                )    ORDER DENYING AS MOOT
     vs.                        )    APPLICATIONS TO PROCEED IN
                                )    FORMA PAUPERIS
STATE OF HAWAII;                )
JUDGE COURTNEY NASO;            )
JUDGE CATHERINE REMIGIO;        )
JUDGE DENISE KAWATACHI;         )
PROSECUTING ATTORNEY WALTER     )
KELAEN;                         )
DPA DEREK PETERSON;             )
PROSECUTOR JOHN DOE;            )
POLICE OFFICER J. HARVEY;       )
PROSECUTOR JOHN DOE II;         )
DEPUTY ATTORNEY GENERAL DAVID   )
WILLIAMS;                       )
PUBLIC DEFENDER MELISSA LAM;    )
TRACEY ZHANG, STATE OF HAWAII   )
CHILD PROTECTIVE SERVICE OR     )
CHILD WELFARE SURFACE;          )
ATTORNEY RONALD TONGG,          )
                                )
          Defendants.           )
_____ )
```

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS***

**I.      INTRODUCTION.**

On March 24, 2023, Plaintiff Eliza Mahealani Nahinu filed a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  *See* ECF Nos. 1, 3.  Pursuant to 28 U.S.C. § 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted.  Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.      FACTUAL BACKGROUND.**

Nahinu's Complaint contains almost no factual allegations.  At best, it appears that the present dispute began in state court.  It appears that she names as Defendants every person she came in contact with having anything to do with that case.  Nahinu does not explain what happened or why she is suing any Defendant.

**III.     STANDARD.**

To proceed *in forma pauperis*, Nahinu must demonstrate that she is unable to prepay the court fees, and that she has sufficiently pled claims.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  The court therefore screens Nahinu's Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . .  Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

**IV.       ANALYSIS.**

There are almost no factual allegations in Nahinu's Complaint, much less allegations supporting a viable claim. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is required to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

Nahinu's allegations are so limited and unclear that they do not indicate what claims are being asserted against which Defendant and why. Nor do the allegations clearly explain how Plaintiff was hurt by any Defendant's conduct or where that

conduct occurred. The court gleans from the nature of the titles Nahinu includes for named Defendants that Nahunu was involved in a state-court case. She alleges that her rights as a woman have been violated, that she was harassed by government actors into signing agreements, and that government actors took her home, her livelihood, and her family. She brings a civil action under 42 U.S.C. § 2000aa-6, which allows civil actions for persons aggrieved by searches and seizures. But there are no factual allegations concerning a specific search or seizure. She also alleges a violation of "Title 42(a)(1)(2)(c)(e)(f)(g)(h)," but the court cannot discern what that refers to. Simply put, the allegations in Nahinu's Complaint are insufficient to support any viable claim, as the court cannot tell what happened and why any particular Defendant is being sued. Accordingly, Plaintiff's Complaint is dismissed and her IFP Application is denied as moot.

**V.      CONCLUSION.**

The Complaint is dismissed, and the IFP Application is denied as moot. **The court grants Plaintiff leave to file a "First Amended Complaint" that states a viable claim or claims no later than April 28, 2023.** Plaintiff may submit another IFP Application at that time. Failure to file an Amended Complaint by April 28, 2023, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Nahinu if she decides to file a First Amended Complaint.  First, Nahinu should include as the title of her new document "First Amended Complaint."  Nahinu may, but need not use a court form from this court's website, available at https://www.hid.uscourts.gov/court-forms/civil (last visited March 30, 2023).  The Clerk of Court is directed to provide to Nahinu copies of Form Pro Se 1 (Complaint in a Civil Case) and AO 240 (Application to Proceed Without Prepayment of Fees & Affidavit), but the court notes that other forms may be more applicable.  If Nahinu uses a court form, she may write the words "First Amended" before the word "Complaint."

Second, Nahinu should identify each Defendant and state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by that Defendant.  In other words, Nahinu should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.  Any First Amended Complaint should contain enough factual detail for a person unfamiliar with the matter to understand why Nahinu is suing each Defendant.  Nahinu may not simply refer to other court files or cases, and she may not incorporate anything by reference (including her original Complaint) in the First Amended Complaint.  Instead, the First

Amended Complaint must allege the factual detail underlying the claims asserted in it.

Third, Nahinu should articulate the relief she is seeking. That is, if she is seeking monetary damages or prospective injunctive relief, she should say so clearly and identify the Defendant(s) from whom she is seeking such relief.

Fourth, as a general principle, this court may not exercise appellate jurisdiction over state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Wolfe v. George*, 486 F.3d 1120, 1124 n.3 (9th Cir. 2007) ("The Rooker-Feldman doctrine generally bars federal district courts 'from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'" (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)). This means that Nahinu's First Amended Complaint should not try to appeal the decisions of state courts to this federal court.

Fifth, Nahinu should be aware that certain Defendants may have immunity from her claims. For example, judges generally cannot be sued for their judicial actions. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The Supreme Court has stated that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*,

386 U.S. 547, 553-4 (1967).  This immunity is only forfeited when either the judge did not perform a judicial act or the judge "acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57.

Similarly, absolute prosecutorial immunity immunizes a prosecutor from damages liability pursuant to 42 U.S.C. § 1983 for actions taken in his or her role as a prosecutor.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it."  *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (internal quotation marks and citation omitted).  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity."  *Id.* (internal quotation marks and citations omitted).  On the other hand, "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer," the prosecutor is entitled to only qualified immunity.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Police officers and other state actors may be entitled to qualified immunity.  *See District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) ("Under our precedents, officers are entitled to qualified immunity under § 1983 unless (1) they violated a

federal statutory or constitutional right, and (2) the unlawfulness of their conduct was "clearly established at the time.").

Finally, a federal court may not exercise jurisdiction over a case unless (1) it raises a federal question, or (2) the parties are diverse and more than $75,000 is in issue.  A complaint should contain enough information to allow a court to determine whether it has subject matter jurisdiction.  To the extent Nahinu claims diversity jurisdiction based on what she alleges is her citizenship in the "Republic of Hawaii," that claim is not likely to justify jurisdiction, as nothing in the Complaint demonstrates that the "Republic of Hawaii" is a presently recognized entity.

To summarize, Nahinu may file a First Amended Complaint stating one or more viable claims no later than April 28, 2023.  She may submit another IFP Application by that deadline, or she may pay the applicable filing fee.  Failure to meet this deadline will cause this action to be dismissed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 30, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Nahinu v. State of Hawaii, et al*; Civ. No. 23-00148 SOM/WRP; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATIONS TO PROCEED IN FORMA PAUPERIS